887 F.2d 1078
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bill CARROLL, Jr., Petitioner-Appellant,
v.
Linwood V. STEPHENSON; Attorney General of North Carolina,
Respondents-Appellees.
 No. 89-7087.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1989.
Decided: Sept. 20, 1989.
Rehearing Denied March 14, 1990.
 
 Bill Carroll, Jr., appellant pro se.
 Before DONALD RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bill Carroll, Jr., seeks to appeal the district court's order dismissing his habeas corpus petition pursuant to 28 U.S.C. Sec. 2254 as frivolous. We vacate the district court's order and remand for further proceedings.
 
 
 2
 Carroll's petition alleged, among other things, that his lawyer had been ineffective in failing, among other things, to file a discovery motion, to move to suppress evidence seized as a result of an unconstitutional search, and to call witnesses; he further alleged that the evidence was insufficient to sustain his conviction.* These are not patently frivolous claims. See Rule 4, Rules foll. 28 U.S.C. Sec. 2254; Kimmelman v. Morrison, 477 U.S. 365 (1986) (allegation that counsel failed to conduct discovery and properly litigate Fourth Amendment claims states Sixth Amendment claim reviewable in federal habeas corpus); Jackson v. Virginia, 443 U.S. 307 (1979) (sufficiency of evidence claim reviewable in federal habeas corpus). Because the record at this point is insufficient to resolve these claims, the district court's sua sponte dismissal of the petition was premature. Accordingly, we grant a certificate of probable cause to appeal, vacate the district court's judgment and remand for further proceedings.
 
 
 3
 VACATED AND REMANDED.
 
 
 
 *
 Although Carroll labeled this claim as "prosecutorial misconduct," it is more properly construed as challenging the sufficiency of the evidence